THE STATE v. SAMUELS, *Appellant.*

Division Two, October 10, 1892.

Criminal Law: EMBEZZLEMENT. The evidence in this case examined, and *held* sufficient to support the conviction of defendant of embezzlement, as bailee of goods.

*Appeal from St. Louis Criminal Court.*—HON. JAMES C. NORMILE, Judge.

AFFIRMED.

*John M. Wood*, Attorney General, for the State.

GANTT, P. J.—Defendant was indicted in the criminal court of the city of St. Louis and convicted of embezzlement as a bailee of goods. From the sentence on this verdict he has appealed to this court.

The determination of this appeal has been delayed by the withdrawal of counsel for the defendant after the cause was assigned on the docket for hearing.

Under the circumstances the cause was submitted with leave to file briefs and this time was extended. No briefs have been filed, and we proceed to determine the case on the record as required by the statute.

The indictment contains two counts, but, as the defendant was only convicted on the second, the first will not be noticed.

The second count charges that Joseph Samuels, on the eighth of October, 1889, at the city of St. Louis, did unlawfully and feloniously embezzle and convert to his own use three diamond pins, one bug pin, one diamond stone, three lace pins, five diamond drops, eight diamond studs, two cuff buttons, and one gold chain, of the value of $2,400, the property of Harry H. Morris, which had been delivered to and come under the care of defendant as a bailee. He was duly arraigned and a plea of not guilty entered.

The jury was regularly impaneled. The evidence tends to show that Harry H. Morris was a diamond broker in St. Louis. The defendant procured the jewelry mentioned in the indictment to show to different imaginary customers that he claimed to have, upon the understanding that they were intrusted to him for sale for cash, and the proceeds to be immediately turned over to Morris, or, if not sold, the goods were to be returned. Instead of making the sales it appears that defendant pawned the diamonds at the different pawn-brokers' establishments in St. Louis, often on the same day that he obtained them.

When he was arrested he had fifty-three different pawn-brokers' tickets on his person. Morris identified and recognized his diamonds and jewelry on the tickets he obtained from defendant after his arrest. He learned on the twenty-third of October, 1889, that defendant had pawned the diamonds. Morris obtained the pawn tickets from the police on the following order:

"Third Police District,
"St. Louis, Oct. 23, 1889.

"I hereby transfer and make over to Harry H. Morris, A. A. Hart, William A. Gill all pawn tickets, fifty-three in number, found on my person and taken from me when arrested, at the third district police station in the city of St. Louis, state of Missouri, on the evening of the twenty-second instant; said tickets representing property belonging to said Morris and others, fraudulently obtained and disposed of by met the same being now in the possession of Captain Samuel J. Boyd.

"(Signed)                    JOE SAMUELS.

"Witnesses: GEORGE BULLOCK, ,
            "W. A. GILL,
            "A. A. HART."

The evidence of Morris and others was ample to sustain the conviction, if credited by the jury.

The defendant offered evidence of good character and proof tending to show he had bought the diamonds, and did not obtain possession of them as bailee. He also testified he was a Hungarian, and could not read the English language, and did not understand the order he gave on the pawn-brokers. There was evidence in rebuttal tending to show that he fully understood the contents of the order before he signed it; that it was read over to him several times.

The court gave instructions correctly defining the offense and explained fully to the jury what constituted a bailee within the meaning of the law. Indeed, the instructions were drawn with great care, and are unexceptionable.

The case was fairly tried, and no error appearing in the record the judgment is affirmed. All concur.